A. S. PENNINGTON, Executor of ABM. VAN HOUTEN, Jr., deceased, and RACHEL VAN HOUTEN *v.* The Executors of ABM. VAN HOUTEN, Sen., deceased, and trustees of ABM. VAN HOUTEN, Jr., deceased.

A., by will, gave to his widow the use of his farm and dwelling house, and farming utensils and stock on the farm, and his family of colored people, and his household and kitchen furniture, until his son, A., (an only child of three years old), should arrive at the age of twenty-one years; and gave his widow $300 a year, out of his estate, during her natural life; all which was in lieu of her dower. He next gave certain pecuniary legacies. And then gave all the rest and residue of his estate, real and personal, to his son A., to him, his heirs and assigns forever; and directed his executors to rent out his houses and lots in Paterson, and to put out the proceeds thereof, together with his moneys and securities for money, to interest, for the benefit of his son, until he should arrive at the age of twenty-one years; and to give his said son, out of his estate, a college education, and a decent support until he should arrive at the age of twenty-one years. And then provided as follows: "But if my said son, A., should die having no children, then my will is, and I do dispose of my property in the following manner:" (giving the said residue of his real and personal estate, so devised and bequeathed to his said son, to other persons). The son, A., attained twenty-one, and afterwards died without having had a child.

*Held,* That on A.'s attaining twenty-one, his estate was absolute and unqualified; the clause giving the property over being held to mean the death of A. *under* twenty-one having no children.

If the intention of the testator can be satisfactorily gathered from the frame and provisions of the will and the language and connection of the particular clause, it is the duty of the Court to declare that intention.

Cross bill filed September 25th, 1849.

Abraham Van Houten, the elder, by his will, first gives to his wife, Rachel, if she survive him, the use of his farm and dwelling house where he then lived; all his farming utensils, and all his stock of said farm ; also his family of colored people,. together with his household and kitchen furniture which is not. thereinafter disposed of otherwise, together with every article belonging to the same, as he the testator then occupied and enjoyed the same, until his son, Abraham Van Houten (his only child) should arrive at the age of twenty-one years; and gives to his wife, Rachel, $300 a year out of his estate, during her natural life; all which he gives in lieu of dower. He then gives

certain pecuniary legacies. He then gives, devises and bequeaths to his son, Abraham Van Houten, all the rest and residue of his estate, both real and personal, whatsoever, and wheresoever lying and being, of whatsoever description the same may be, excepting what is therein otherwise disposed of, to him and his heirs and assigns forever; and directs that his executors shall rent out all his property lying in Paterson and Hackensack, and all his houses and lots, at their discretion, for the benefit of his son Abraham; and the proceeds arising therefrom, after deducting all necessary expenses and charges, together with his personal estate, consisting of money, bonds, notes, and mortgages bequeathed to his said son Abraham, to be put out to interest for the benefit of his son, by his executors, until he shall arrive at the age of twenty-one years; and that his executors give unto his said son, Abraham Van Houten, out of his estate, a good college education, and a decent support until he shall arrive at the age of twenty-one years. Then follows this clause: "but if my said son, Abraham Van Houten, should die, having no children, then my will is, and I do dispose of my property in the following manner, viz: I give unto the grand-children of my sister Elizabeth Van Riper, wife of Richard Van Riper, deceased, $1000, to be divided equally among them, share and share alike, to them and their heirs and assigns forever. *Item,* I give unto the children of my sister Caty Post, wife of Adrian Post, $1000, to be equally divided among them, share and share alike, to them their heirs and assigns forever. Then I give unto the children of my sister Jane, wife of Henry Post, $1000, to be equally divided among them, share and share alike, to them their heirs and assigns forever. All the rest and residue of my estate, both real and personal, wheresoever and whatsoever description the same may be, I do give, devise and bequeath, one equal third part thereof unto my beloved wife Rachel, to her and to her heirs and assigns forever. Then I give, devise and bequeath one other equal third part thereof unto Leah, wife of Jacob Garretson, to her and her heirs and assigns forever. *Item,* I give, devise, and bequeath one other equal third part thereof unto the children of Caspar Wessels, deceased, to be

equally divided among them, share and share alike, to them, their heirs and assigns forever.

The son attained twenty-one, and afterwards died without having had a child.

The question was, whether the bequest and devise to the son did not become absolute and unqualified on his attaining twenty-one.

*A. S. Pennington* and *P. D. Vroom* for the representative of the son.    They cited 2 *Bl. Com.* 398; 2 *Kent's Com.* 285, 352; 2 *Russ. & Myln.* 390; 5 *Bevan's Rep.* 558; *Sugden on Prop.* 356; 10 *John. Rep.* 12; 3 *Meriv.* 176; 19 *Ves.* 579; 2 *Pow. on Dev.* 631; 2 *Vern.* 324; 17 *Ves.* 478; 3 *Merv.* 83; *Lewis on Perpetuities*, 177, *in* 42 *Law Lib.* 146, 157; 1 *Ves. Sen.* 196; 1 *Harr. Rep.* 185; 1 *Pow. on Dev.* 371, 4, *in* 11 *Law Lib.* 218; 13 *Ves.* 476; 1 *P. W.* 234, 5; 2 *Burr*, 767; 5 *Ib.* 2707; 2 *P. W.* 194; 6 *East.* 486; *Yarman on Wills*, 427, 437; 3 *Halst. Rep.* 45; 3 *Harr. Rep.* 27; 1 *Spencer's Rep.* 151; 16 *John. Rep.* 418; 2 *Mass. Rep.* 68; *Couper*, 234; 2 *Penn. Rep.* 882; *Lewis on Perpetuities*, 326, *in* 42 *Law Lib.* 232; 1 *P. W.* 663; 2 *Pow. on Dev.* 584, *in* 12 *Law Lib.* 303, 311; 9 *Ves.* 198.

*W. Pennington* and *Zabriskie* contra.    They cited 11 *Law Lib.* 211; 1 *Pow. on Dev.* 359.

THE CHANCELLOR.    Cases and artificial rules will be of very little aid in the reading of this will; and will embarrass rather than enlighten us as to the intention of the testator.

If the intention can be satisfactorily gathered from the frame and provisions of the will and the language and connection of the particular clause, it is the duty of the Court to declare that intention.

I think the intention of the testator in this will can be so gathered.

The particular clause on which the question argued has been raised is, "but if my said son should die, having no children, then &c."

The general frame and provisions of the will are these : He gives his wife, Rachel, the farm and dwelling house where he lived, the farming utensils, and all the stock of said farm, and his family of colored people, with the household and kitchen furniture, together with every article belonging to the same as he then occupied and enjoyed the same, until his son, Abraham Van Houten, should arrive at the age of twenty-one years, and gives his said wife $300 a year out of his estate during her natural life ; all which he gives her in lieu of dower. He then gives certain pecuniary legacies. He then gives, devises and bequeaths to his son Abraham all the rest and residue of his estate, both real and personal, whatsoever and wheresoever lying and being, of whatsoever description the same may be, to him, his heirs and assigns forever. His son was but about three years old. The testator then, (and therefore), proceeds to provide, that his executors shall rent out the lands and houses for the benefit of his son ; the proceeds arising therefrom, together with his personal estate, consisting of money, bonds and mortgages bequeathed to his son, to be put out to interest, by his executors, for the benefit of his son, until he shall arrive at the age of twenty-one years ; and orders his executors to give his son a good college education, and a decent support until he shall arrive at the age of twenty-one years ; " but if my said son should die having no children, then my will is, and I dispose of my property in the following manner, viz. :" giving three legacies of $1000 each, and giving, devising and bequeathing the rest and residue of his estate, real and personal, one-third to his said wife, Rachel, in fee ; one-third to Leah Garretson, in fee ; and the remaining third to the children of Caspar Wessels, deceased, in fee.

In view of the frame and general provisions of the will, and the connection of the particular clause, if the particular clause had been, " but if my son should die," then &c., could there be a doubt that the meaning would be, *die under twenty-one ?* I think not. At this point of the will the thought occurred to the testator, that the son might have children though he should die under twenty-one, and therefore the words " having no children" were added. The adding of these words, it seems to me, makes

no difference in the reading of the will. The main idea of the clause is, "if he should die," which means, as before said, under age. The idea expressed by the words "having no children" was a secondary idea, guarding against a remote contingency of his having children before he was twenty-one and dying before twenty-one.

There is nothing in the frame and provisions of the will, or in the particular clause in its connection, to show that the testator contemplated or intended to put any limitation or qualification on the estate which should continue after the son attained full age.

It would hardly be contended that the testator intended that the son should not have a full and absolute property in the personal estate when he came of age. Can it be believed that he intended to subject the stock on the farm to any limitation or qualification to continue after the son should come of age, and for his whole life. If such was not his intention in reference to the personal estate, it follows necessarily, that it was not his intention in reference to the real estate. He could not, in this one and the same clause, intend one thing in reference to the personal estate and another in reference to the real estate.

Again, the fact that, in the event contemplated, he gives a third of the property, real and personal, to his widow, the mother of this infant son, shows that the death of the son contemplated was his death under twenty-one, and not the remote contingency which is contended for on the part of the defendants.

Being clearly satisfied what was the intention of the testator, I see nothing in any rule of law to prevent its being carried out in this case.

Decree for complainants.